IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NAFEP MANAGEMENT CO., INC., a Nevada corporation,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>ROBERT J. BINKELE, an individual, and CURTIS A. WYATT, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT BINKELE'S MOTION TO COMPEL ARBITRATION AND SETTING TRIAL DATE<br><br><br><br><br>Case No. 2:06-CV-369 TS |

This matter is before the Court on Defendant Binkele's Motion to Compel Arbitration and to Stay Proceedings.[1]

Plaintiff brings various contract and tort causes of action against Defendants which are related to alleged breaches by Defendants of contractual obligations in several agreements, including an Account Executive Service Provider Agreement ("the Account Executive Agreement").  Defendant Binkele seeks to compel arbitration under a provision of the Account Executive Agreement,[2] while, at the same time, denying his entering into the agreement as a

---

[1]Docket No. 57

[2]The claims against Defendant Wyatt have already been referred to arbitration.

defense to Plaintiff's claims.  The Court has addressed this precise issue pursuant to its November 21, 2006 Order ("November Order").[3]  For this reason, the Court construes Defendant's Motion as a Motion to Reconsider.

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. . . . [A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.[4]

The Court does not find grounds warranting reconsideration.  In its November Order, the Court denied Defendant's Motion to Stay and stated that there is no basis for a stay in litigation when there is a factual dispute as to whether the parties entered into an arbitration agreement.[5]  Despite the memoranda submitted by the parties, the issue of whether Defendant Binkele entered into the arbitration agreement remains a genuine issue of material fact.[6]

Also, for the first time, Defendant appears to argue that he is somehow entitled to the application of nonsignatory estoppel on the grounds that Telebrick entered into the Account Executive Agreement, and that Defendant, as Telebrick's agent, should therefore be allowed to enforce the arbitration provision.

---

[3]Docket No. 50.  The facts and background are more fully set forth therein.

[4]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver v. United States*, 953 F.2d 1241, 1243 (10th Cir. 1991) (other citations omitted).

[5]Docket No. 50, at 9.

[6]Docket No. 58, at 2 ("Binkele . . . denies he is a party to the contract.").

Nonsignatory estoppel is a development under the broader doctrine of equitable estoppel.[7] One type of nonsignatory estoppel posits that a signatory plaintiff to a contract containing an arbitration provision is estopped from relying upon a defendant's status as a nonsignatory to prevent the defendant from compelling arbitration under the agreement.[8]  However, the Court finds no case law supporting that application of the doctrine in favor of nonsignatory parties is appropriate where it is not first established that there is an existing written and enforceable agreement to arbitrate.  Significantly, Defendant here asserts that "there is no final contract [between] NAFEP and Telibrick."[9]  In other words, Defendant appears to dispute the very existence of the Account Executive Agreement, thereby precluding any argument to enforce an arbitration provision under nonsignatory estoppel and/or agency theory.

Under the above circumstances, Plaintiff is not estopped from opposing Defendant's Motion to Compel Arbitration.  Clearly, Plaintiff here is creating the factual dispute as to whether there is a written and enforceable agreement to arbitrate.  "When parties dispute the making of an agreement to arbitrate, a jury trial on the existence of the agreement is warranted unless there are no genuine issues of material fact regarding the parties' agreement."[10]  Moreover, 9 U.S.C. § 4 provides that if the making of the arbitration agreement is in dispute, "the court shall proceed summarily to the trial thereof.  If no jury trial be demanded . . . the court shall hear and determine

---

[7]*See Bridas S.A.P.I.C. v. Gov't of Turkemenistan*, 345 F.3d 347, 360 (5th Cir. 2003).

[8]*Id.; accord Ellsworth v. The Am. Arbitration Ass'n*, 2006 UT 77, ¶ 20, n.12, 148 P.3d 983.

[9]Docket No. 58, at 4.

[10]*Avedon Engineering, Inc., v. Seatex,* 126 F.3d 1279, 1283 (10th Cir. 1997).

such issue." The Court notes that a jury trial has not been requested on this issue. Accordingly, absent further developments in this action, the Court will conduct a bench trial on the issue of whether there is an agreement to arbitrate.

For the foregoing reasons, it is therefore

ORDERED that Defendant's Motion to Compel Arbitration (Docket No. 57) is DENIED. It is further

ORDERED that the Court will conduct a bench trial on the issue of whether there is an agreement to arbitrate on July 12, 2007, from 8:30 a.m. to 1:30 p.m. A final pretrial conference will be held on July 2, 2007, at 1:30 p.m.

SO ORDERED.

DATED   June 11, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge